UNITED STATES of America,
Plaintiff–Appellee,

v.

SON VAN LY, Defendant–Appellant.

No. 05–50906.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 22, 2007.

Becky S. Walker, Esq., Elena J. Duarte, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Marilyn E. Bednarski, Esq., Kaye McLane & Bednarski, LLP, Pasadena, CA, for Defendant–Appellant.

Before: REINHARDT and TALLMAN, Circuit Judges, and WILKEN *, District Judge.

## MEMORANDUM **

Son Van Ly appeals his 180–month sentence imposed on remand after we reversed the district court's denial of Ly's habeas petition upon concluding that Ly's trial counsel provided ineffective assistance at sentencing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's interpretation of the Sentencing Guidelines, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir.2006).

■ Ample evidence supports enhancing Ly's sentence for his co-conspirators' use of firearms and restraints during the Multi–Industry Technology, Inc. and Centon Electronics, Inc. ("Centon") robberies. *See* U.S.S.G. § 2B3.1(b)(2)(B) (1998) (directing court to increase offense level by six "if a firearm was otherwise used"); *see also* U.S.S.G. § 2B3.1(b)(4)(B) (1998) (di-

recting court to increase offense level by two "if any person was physically restrained to facilitate the commission of the offense or to facilitate escape"). The evidence shows that Ly participated in carefully planned takeover robberies and was present in a hotel room before each robbery where the leaders of the enterprise openly handled guns and robbery paraphernalia, including cable tie restraints. Thus, it was not clearly erroneous for the district court to conclude Ly's co-conspirators used the firearms and restraints in furtherance of jointly undertaken criminal activity, and the use of both was reasonably foreseeable in connection with the criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B) (1998); *see also United States v. Hoskins,* 282 F.3d 772, 777–78 (9th Cir.2002); *United States v. Lavender,* 224 F.3d 939, 942 (9th Cir.2000). The district court's conclusion that Ly actually knew his co-conspirators would employ firearms and restraints is supported by clear and convincing evidence.

■ Nor did the district court clearly err by attributing a loss exceeding $2.5 million—the loss Centon suffered—to Ly. *See* U.S.S.G. § 2B3.1(b)(7)(G) (providing for six-level increase in offense level for losses exceeding $2,500,000). The district court accepted a stipulation between the parties "that the government has proven by clear and convincing evidence loss in the amount of at least $2.5 million, which would result in [a] six-level increase" to Ly's offense level. We find the stipulation reasonable because it avoided the seven-level increase that would have attached had the higher amount approaching $10 million been found. By so stipulating, Ly

---

\* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

waived the objection he now presses that the amount of this stipulated loss was not foreseeable. We thus conclude that the district court properly enhanced Ly's sentence under U.S.S.G. § 2B3.1(b)(7)(G).

■ Finally, the district court's one hundred eighty month sentence is reasonable. *See Cantrell,* 433 F.3d at 1280. After carefully considering the 18 U.S.C. § 3553(a) factors, and reducing Ly's criminal history category, the district court imposed a sentence below the Guidelines range, which the district court reduced from the original calculation challenged in the first appeal. One hundred eighty months is reasonable given Ly's lengthy criminal history and his active participation in a serious offense involving weapons and restraints.

AFFIRMED.

Nelson Lopez Molina, Terminal Island, CA, pro se.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Central District of California, Los Angeles. D.C. No. CR–01–00932–ER–2.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.